T.C. Memo. 1996-227

UNITED STATES TAX COURT

DANIEL DANFORTH KRUEGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11530-94.                          Filed May 20, 1996.

Daniel Danforth Krueger, pro se.[1]

<u>Janet J. Johnson</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, and additions to, petitioner's Federal income tax:

---

[1]  On Mar. 11, 1996, well after the trial herein and the dates on
which briefs were due, <u>James P. Beck</u> filed an entry of appearance
on behalf of petitioner.

| Year | Deficiency | Additions to Tax | |
| | | Section 6651(a)[2] | Section 6654 |
| --- | --- | --- | --- |
| 1987 | $4,449 | $1,112 | $270 |
| 1988 | 3,155 | 789 | 202 |
| 1989 | 3,963 | 991 | 268 |
| 1990 | 4,044 | 1,011 | 265 |

The issues for decision are:

(1)  Did petitioner have income for each of the years at issue in the amounts determined by respondent?  We hold that he did.

(2)  Is petitioner entitled to deductions and/or exemptions for any of the years at issue in excess of those allowed by respondent?  We hold that he is not.

(3)  Is petitioner liable for self-employment tax for each of the years at issue?  We hold that he is.

(4)  Is petitioner liable for the addition to tax for failure to file for each of the years at issue?  We hold that he is.

(5)  Is petitioner liable for the addition to tax for failure to make estimated tax payments for each of the years at issue?  We hold that he is.

Background

Petitioner's address as indicated in the petition he filed

---

[2]  All sections references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

was in Missouri.

As of the time this case was called for trial on November 13, 1995, petitioner had completely failed to comply with this Court's standing pretrial order and certain of its Rules (e.g., Rule 91).

At trial, petitioner initially refused to provide any testimony as to relevant facts, and he did not present any documents in support of his positions on the various issues in this case. Upon questioning by the Court, petitioner conceded that he received the dividend and interest income determined by respondent and that he received gross receipts from the payors determined by respondent. However, he testified that he could not remember the amounts of such gross receipts. He also testified in general, conclusory, and/or vague terms about deductions to which he claims he is entitled for the years at issue.

At the conclusion of the trial herein, the Court set a briefing schedule under which simultaneous opening briefs were due on January 12, 1996, and simultaneous answering briefs were due on February 12, 1996. The Court also reminded petitioner that the only record on which the Court would decide this case is the record established at trial, which consists solely of petitioner's testimony, and informed the parties that although the record in this case had been submitted at trial, it was still possible for the parties to attempt to settle the case. The

Court urged petitioner to present to respondent prior to the dates on which briefs were due any documents that he claimed supported his positions on the issues in this case, but that he did not present as evidence at trial. The Court also urged respondent to give serious consideration to any such documentation that petitioner provided to her after trial, with a view to settling some or all of the issues herein.

On January 11, 1996, petitioner filed a motion for an extension of time within which to file his opening brief in this case (petitioner's motion for an extension). Due to its inability to reach petitioner, the Court was not able to hold a telephonic conference with the parties regarding petitioner's motion for an extension until January 17, 1996. During that telephonic conference, petitioner acknowledged that he had thus far presented no documentation whatsoever to respondent in an attempt to settle some or all of the issues in this case. During that same telephonic conference, petitioner made general allegations relating to his inability to present documentation to respondent. Petitioner further indicated that he might obtain an affidavit from a doctor that he would send to the Court. No such affidavit was ever received by the Court. On January 18, 1996, the Court denied petitioner's motion for an extension. However, since the date on which simultaneous opening briefs were due, viz., January 12, 1996, had passed by the time the Court was able to have a

telephonic conference with the parties concerning that motion, the Court allowed the parties a reasonable period of time until January 26, 1996, within which to finalize and file their opening briefs. Respondent's opening brief was timely filed. No opening brief was filed by petitioner. Accordingly, the Court ordered that (1) respondent's opening brief was to be served on petitioner, (2) respondent was not required to file an answering brief, and (3) petitioner was not allowed to file either an opening brief or an answering brief.

Discussion

We note at the outset that petitioner bears the burden of proving that the determinations in the notice of deficiency are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). We also note that deductions are strictly a matter of legislative grace, and a taxpayer must meet the specific statutory requirements for any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

The scant record in this case consists of petitioner's testimony. Based on that record, we sustain respondent's income determinations. We further find on the record before us that petitioner has failed to show that he is entitled to any deductions or exemptions in excess of those allowed by respondent[3] or

---

[3] Petitioner's general, conclusory, and/or vague testimony regarding the deductions to which he claims he is entitled for
(continued...)

that he is not liable for self-employment tax or for the additions to tax determined by respondent.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[3](...continued)
the years at issue did not provide us with a basis on which to determine that he incurred deductible expenses and/or to estimate the amounts of any expenses that he claims he incurred.